# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DIVISION OF TEXAS
# BEAUMONT DIVISION

No. 1:92-CR-53

United States of America

v.

Alvin Jones

           Defendant

**Memorandum and Order**

  Defendant's *pro se* "Motion to Dismiss Court Appointed Counsel Appoint Counsel Outside the Public Defender's Office" is referred to the undersigned for a determination. See Referral Order, August 18, 2008, Doc. No. 43. For reasons stated below, the motion (Doc. No. 42) is **DENIED**.

## BACKGROUND

  Defendant was convicted of a "crack" cocaine offense in 1993, and sentenced in accordance with United States Sentencing Commission guidelines. Fourteen years later, in 2007, the Commission retroactively amended its guidelines, and established a base offense level for "crack" cocaine crimes two

levels below that which existed in 1993. Since sentencing guidelines are advisory, the amendment did not *guarantee* that *any* previously-convicted defendant would receive a reduced sentence. However, the amendment provided a reasonable ground for *some* defendants who might be released earlier than their original sentence discharge date to request a reduced sentence pursuant to 18 U.S.C. § 3582(c).

*At defendant's request*, the Federal Public Defender was appointed to represent defendant with respect to such a motion for sentence reduction on February 29, 2008. Assistant Federal Public Defender, Gary Bonneaux, was assigned to defendant's case. Before Mr. Bonneaux acted, defendant filed his own *pro se* motion on May 9, 2008. The United States promptly responded, and the motion was denied on May 16, 2008. Defendant, continuing to act *pro se*, moved for reconsideration, and that motion was denied on July 22, 2008.

Defendant appealed the order denying his motion for reconsideration. Defendant was granted leave to appeal *in forma pauperis*, and the Federal Public Defender was appointed to represent defendant on appeal. Now pending is defendant's motion to dismiss counsel and to appoint counsel from outside the Federal Public Defender's Office. As grounds, defendant asserts nonsensical allegations that Mr. Bonneaux "has a history of being insufficient in question," and has "admitted the Public Defender Office in the Eastern District of Texas do (*sic)* not litigate a defense in a conflict of interest with AUSA Office *(sic)*."

## DISCUSSION

1. <u>Deficient Performance?</u>

The record suggests apparent inaction by Mr. Bonneaux between late February (when the Federal Public Defender was appointed) and early May

(when defendant filed his *pro se* motion). In other circumstances, this could reflect lack of due diligence. Such inaction here, however, does not suggest deficient performance of counsel. This court ranked 8th or higher in the nation with respect to persons convicted of "crack" cocaine offenses prior to the 2007 amendment. As a result, the court identified 781 persons potentially eligible for a reduced sentence based on the retroactive sentencing guideline amendment. In collaboration with the United States Attorney, the Federal Public Defender and the United States Probation Office, this court devised nationally acclaimed procedures for processing Section 3582(c) motions based on retroactive crack cocaine amendments. Such procedures give priority to motions by inmates who may be entitled to *immediate* release. Motions by remaining inmates are considered in due course.

Defendant was not among inmates whose cases were "fast-tracked" because even if given relief under the guideline amendment, defendant would not be immediately released. Therefore, Mr. Bonneaux did not exhibit deficient performance in not acting more diligently in pursuing a motion for reduction of sentence in behalf of this defendant.

2. Prejudice?

Of greater significance, defendant was not prejudiced by any delay. The court's action on defendant's request for a sentence reduction would not have been different had Mr. Bonneaux acted earlier, or if defendant had waited for counsel to file a motion. The district judge recited two irrefutably sound reasons why defendant is not entitled to a reduced sentence even if granted relief under the amendment. The base offense level for defendant remained at 38 under both the 1992 and 2007 guidelines. Even if the base offense level were reduced 2 levels to 36, the guideline range would have remained *above* the statutory

maximum sentence for the offense to which defendant pleaded guilty.[1] Simply put, defendant is not among those sentenced for "crack" cocaine offenses who stands to benefit from the 2007 retroactive amendment.

3. Counsel on Appeal

With respect to the pending appeal, the Fifth Circuit has not set a briefing schedule. There is nothing for appointed counsel to do until the appellate court enters its scheduling order. The court expects and is confident that counsel will comply with any deadlines established by the Fifth Circuit.

## CONCLUSION

Defendant has not shown any objective grounds for removing his court-appointed counsel. An indigent defendant does not have the right to counsel of his subjective choosing. See United States v. Hughey, 147 F.3d 423, 428 (5th Cir. 1998) ("The Sixth Amendment right to counsel of choice is limited, and protects only a paying defendant's fair or reasonable opportunity to obtain counsel of the defendant's choice."). Therefore, defendant's motion to dismiss counsel and appoint new counsel for purposes of a futile appeal must be denied.

**SIGNED** this __9__ day of _____September_____, 2008.

_____
EARL S. HINES
UNITED STATES MAGISTRATE JUDGE

---

[1] The district judge explained her reasoning as follows: "The defendant is ineligible for a reduction on two grounds. First, the amount of cocaine base attributed to the defendant, 4.77 kilograms, produces a base offense level of 38 under both the 1992 and 2007 guidelines. Secondly, even if the defendant received relief under the amendment, the corresponding guideline range would still be higher than the statutory maximum sentence allowed resulting in the same guideline range of 240 months."